IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE FREDERICKS,

        Petitioner,                No. CIV S-05-0334 MCE KJM P

   vs.

WARDEN M. KNOWLES,

        Respondent.              <u>ORDER</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his July 2003 denial of parole, arguing that California Penal Code section 3041 creates a liberty interest in parole; that he has been denied parole repeatedly even though there is no evidence he would pose an unreasonable threat to public safety if released; that the Board of Prison Terms (BPT) has failed to set a base term and so his term has become disproprotionate to the "uniform" term specified in the Penal Code; that the BPT relies on the same factors for every denial; and there is a de facto "no parole" policy in the state.  Pet., Mem. P. & A. at 1.

        In findings and recommendations filed February 23, 2006, this court denied those portions of respondent's motion to dismiss which challenged the existence of a liberty interest in parole, but granted it insofar as petitioner alleged the BPT has failed to set a base term and thus

his term has become disproprotionate to the "uniform" term specified in California Penal Code section 3041. The district court adopted these findings and recommendations on March 31, 2006.

Petitioner has filed a motion seeking leave of the court to conduct discovery. He seeks memoranda written by deputy attorneys general that discuss changes in sentencing laws and interpretations of the interaction between changes in the sentencing laws and life-term sentences. Petitioner explains his need for these documents as: "These Memorandum hold one of the keys to Petitioner's beliefs in and about the term-to-life sentence to which he has become subject." Motion at 2.

Respondent opposes the motion, arguing that these memoranda have no bearing on whether the 2003 denial of parole was proper.

A habeas petitioner is not entitled to discovery as a matter of course, but only when

> specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .

Bracy v. Gramley, 520 U.S. 899, 909 (1997) (internal quotations and citations omitted); Rule 6(a), Rules Governing § 2254 Cases. Petitioner has not met this standard: internal memoranda analyzing or interpreting changes in California's sentencing laws have no bearing on whether there was "sufficient evidence to support the[] finding that petitioner would pose an unreasonable risk to society if released" or whether "the governor and the BPT have illegally implemented a no parole policy," or whether the denial of parole "even though all past board recommendations were met violates petitioner's . . . federal due process rights." Pet. at 6.

/////
/////
/////
/////

2

1         Accordingly, IT IS HEREBY ORDERED that petitioner's September 12, 2006
2 motion for leave to conduct discovery is denied.
3 DATED: November 21, 2006.

_____
U.S. MAGISTRATE JUDGE

2
fred0334.dsc

3